**Dimitrious S. MARANGOS,**
**Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION,**
**Defendant–Appellee.**

**No. 00–2161.**

United States Court of Appeals,
Sixth Circuit.

March 20, 2002.

Before KEITH and COLE, Circuit
Judges; MARBLEY,* District Judge.

**OPINION**

COLE, Circuit Judge.

The sole issue on appeal is whether the district court improperly refused the request of plaintiff-appellant, Dimitrious S. Marangos, for the appointment of counsel. This Court **AFFIRMS** the district court's denial of appointment of counsel.

**I. BACKGROUND**

Dimitrious S. Marangos, an electrician employed by defendant-appellee, General Motors Corporation, sued his employer for national origin and disability discrimination occurring between 1986 and 1999. Marangos first filed his complaint with the EEOC, which dismissed his complaint and issued a "right to sue letter." Next, Marangos filed a complaint with the district court and also moved for appointment of counsel. The district court rejected appel-

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

lant's request, reasoning that absent exceptional circumstances, appointment of counsel is appropriate "only after a motion to dismiss or for summary judgment has been denied and only after the court determines the party requesting the counsel is indigent." Later, General Motors moved for dismissal and summary judgment due to *res judicata* and failure to plead a *prima facie* case. The district court granted General Motors' motion.

## II. DISCUSSION

 In support of his appeal, Marangos cites 29 C.F.R. § 1601.28(a)(4), the federal regulation governing the EEOC's issuance of right to sue letters. Marangos's reliance on § 1601.28(a)(4) is misplaced, however, because the regulation does not mandate that a district court or the EEOC appoint counsel. Rather, § 1601.28(a)(4) allows the EEOC to offer necessary or appropriate assistance to a person who receives a right to sue letter. *See* 29 C.F.R. § 1601.28(a)(4) (2001) ("The issuance of a notice of right to sue does not preclude the Commission from offering such assistance to a person issued such notice as the Commission deems necessary or appropriate.").

Similarly, the district court's ability to appoint counsel in employment discrimination cases is discretionary. 42 U.S.C.A. § 2000e–5(f)(1) (2001) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant ...."). In reviewing employment-related appointment of counsel decisions for abuse of discretion, the Sixth Circuit considers three factors: "(1) the plaintiff's financial resources; (2) the plaintiff's efforts to obtain counsel; and (3) whether the plaintiff's claim has any merit." *Leon v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.1987). Here,

the district court refused to appoint counsel because there was no proof that Marangos was indigent or that the claims had enough merit to survive dismissal or summary judgment. Based on its consideration of these two factors, the district court acted within its discretion in denying the appointment of counsel to Marangos and that order should be **AFFIRMED**.